RECEIVED
IN MONROE, LA

OCT 15 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HARRY COOPER | CIVIL ACTION NO. 08-0649 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SENTRY SELECT INSURANCE CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is Plaintiff Harry Cooper's ("Cooper") appeal [Doc. No. 20] of Magistrate Judge Karen L. Hayes' orders [Doc. Nos. 17 & 19]. Cooper claims that Magistrate Judge Hayes erred by denying his motion to remand [Doc. No. 8] and granting the motion to amend the removal petition filed by Defendants Elmer Cook, Jr. ("Cook"), MCH Transportation Company ("MCH"), and Sentry Select Insurance Company ("Sentry") [Doc. No. 12].

For the following reasons, Cooper's appeal of Magistrate Judge Hayes' order denying the motion to remand is DENIED and that order is AFFIRMED. Cooper's appeal of Magistrate Judge Hayes' order granting the motion to amend the removal petition is DENIED as MOOT.

I.  FACTS AND PROCEDURAL HISTORY

This case involves a personal injury claim arising out of an automobile accident.

On April 2, 2008, Cooper filed suit in Louisiana state court against Defendants.

On April 22, 2008, Sentry, a resident of Wisconsin, was served via the Secretary of State.

On April 28 and May 7, 2008, Cooper served Cook and MCH pursuant to the Louisiana Long Arm Statute. *See* LA. R. S. art. 13:3201, *et seq.* Both Cook and MCH signed a certified mail receipt on the days they were served.

On May 14, 2008, Sentry filed a Petition for Removal. [Doc. No. 1].

On May 19, 2008, affidavits of service were filed in the state court record. It is unclear to which parties those affidavits refer.

On May 27, 2008, following removal, affidavits evidencing service of Cook and MCH were filed in this Court. [Doc. Nos. 5 & 6].

On June 10, 2008, Cooper filed a motion to remand, arguing that the removal petition was defective because not all Defendants had properly consented to and joined the removal petition. [Doc. No. 8]. Defendants filed a response. [Doc. No. 11].

On June 18, 2008, Defendants filed a motion to amend the removal petition to indicate their consent to removal. [Doc. No. 12]. Cooper filed a response. [Doc. No. 14].

On July 1 and 2, 2008, Magistrate Judge Hayes summarily granted Defendants' motion to amend the removal petition [Doc. No. 17] and denied Cooper's motion to remand as moot [Doc. No. 19].

## II. LAW ANALYSIS

### A. Standard of Review

The Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand. This Court has adhered to the view that a motion to remand is a non-dispositive pretrial matter and will apply the clearly erroneous/contrary to law standard of review. *See Mills v. Schooner Petroleum Servs.*, 06-2237, 2007 U.S. Dist. LEXIS 12613, at *1–2 (W.D. La. Feb. 23, 2007) (citing 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a)).

### B. Motion to Remand

To determine whether remand is required, the Court must decide whether the removal

2

petition is defective.

All defendants must join in the removal petition or consent to removal; an exception applies if the non-removing defendants are not citizens of the forum state and have not been served when the removal petition is filed. *Getty Oil Co. of N. Am.*, 841 F.2d 1254, 1262 n. 9 (5th Cir. 1988) (holding that 28 U.S.C. § 1446(a) "has been interpreted to require that all then served properly joined defendants join in the removal petition" except when "Defendants (at least those not citizens of the forum state) . . . are unserved when the removal petition is filed") (citing 28 U.S.C. § 1446(a); *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939)). "[F]ailure to do so renders the petition defective." *Id.* at 1263 (citing references omitted).

Defendants claim that Cook and MCH were not required to join the removal petition because proof of service had not been filed in the record when Sentry filed the removal petition, citing Louisiana's rule regarding proof of service of process. *See* LA. R. S. art. 13:3205. Cooper argues that Cook and MCH were required to join or consent once they were served, which occurred prior to the filing of the removal petition.

For purposes of removal to federal court, service of process is governed by state law. *City of Clarksdale v. Bellsouth Telcoms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Cook and MCH, both nonresidents of Louisiana, were served via Louisiana's Long Arm Statute. *See* LA. R. S. art. 13:3201, *et seq.* Service of a nonresident may be accomplished by sending a certified copy of the summons and complaint by registered or certified mail to the defendant. *See* LA. R. S. art. 13:3204(A). Cooper is correct in asserting that service was effectuated on Cook and MCH once they were served with a copy of the summons and complaint via certified mail, which occurred prior to the filing of the removal petition. [Doc. Nos. 5 & 6]. However, for purposes of satisfying the rule

3

of unanimity, the Court finds that the non-removing defendants are not required to consent to or join the removal petition until proof of service is filed in the record.

Counsel for the removing defendant should be able to rely on the state court record when determining whether to seek other defendants' consent to removal. Until proof of service is filed in the record, counsel for the removing defendant may not know whether other defendants have been served or whether removal is proper.[1] If the rule of unanimity was predicated on effective service, as Cooper contends, a clever plaintiff could delay filing proof of service to obscure this fact in an effort to render the removal petition defective based on lack of unanimity. This could potentially give the plaintiff an unfair advantage in the litigation. *Cf. Courtney v. Benedetto*, 627 F. Supp. 523, 527 (M.D. La. 1986) (citing *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270 (7th Cir. 1982)) (holding that a removal petition may be amended freely within 30 days of removal).

Because proof of service of Cook and MCH had not been filed in the record prior to removal, the Court finds that the removal petition is not defective, and, therefore, remand is not required.

In the alternative, the Court finds that the removal petition is not defective because Sentry stated in the removal petition that he had not sought the consent of other defendants because proof of service had not been filed into the record. [Doc. No. 1-4, p. 2]. *See Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir. 1985) (holding that the rule of unanimity is not violated if the removing defendant provides an explanation for failing to join all defendants); *P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968) (same); *see also Crowell v. Shell Oil Co.*, 07-20270, 2008 U.S. App. LEXIS 17229, at *14 (5th Cir. Aug. 14, 2008) (holding that the

---

[1] The Court notes that this concern is not present in the instant case because the same attorney represents Sentry, Cook, and MCH.

removal petition was not defective where "all individual defendants were listed in the notice of removal").

Accordingly, the Court finds that Magistrate Judge Hayes' denial of Cooper's motion to remand was not clearly erroneous or contrary to law and that order is AFFIRMED. However, even under a *de novo* review, the Court would reach the same conclusion.

### C. Motion to Amend

Because the Court finds that the removal petition is not defective, Cooper's appeal of Magistrate Judge Hayes' order granting Defendants' motion to amend the removal petition is DENIED AS MOOT.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff Harry Cooper's appeal [Doc. No. 20] of Magistrate Judge Karen L. Hayes' order denying the motion to remand [Doc. No. 8] is DENIED and that order [Doc. No. 17] is AFFIRMED. IT IS FURTHER ORDERED that the appeal of Magistrate Judge Hayes' order granting the motion to amend the removal petition [Doc. No. 12] is DENIED as MOOT.

MONROE, LOUISIANA, this 15 day of October, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE